# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF WASHINGTON
# AT TACOMA

B.B. and V.B., parents of A.B,

    Plaintiffs,

v.

TACOMA SCHOOL DISTRICT,

    Defendant.

Case No. 08-5512 RJB

ORDER GRANTING DEFENDANT'S MOTION FOR SUMMARY JUDGMENT AND DENYING PLAINTIFFS' CROSS-MOTION FOR SUMMARY JUDGMENT

This matter comes before the court on Defendant's Motion to Dismiss (Dkt. 8), which the Court on its own initiative converted to a Motion for Summary Judgment (Dkt. 13); and the Plaintiffs' Cross-Motion to Dismiss (Dkt. 15). The court has considered the pleadings filed in support of and in opposition to the motions and the remainder of the file herein.

## I. FACTUAL AND PROCEDURAL BACKGROUND

On August 21, 2008, the Plaintiffs filed a complaint against the Tacoma School District alleging denial of opportunity for an impartial due process hearing under the Individuals with Disabilities Education Act ("IDEA"), 20 U.S.C. 1400 et seq.; the state Education for All Act, Chapter 28A.13 RCW (Recodified as Chapter 28A.155 RCW pursuant to 1990 Wash. Sess. Laws c 33 § 4.); and WAC 392-172A-05115. Dkt. 1. The Plaintiffs request (1) that this court assume jurisdiction of this action; (2) reversal of the administrative court's denial of Plaintiffs' motion to

vacate dismissal of the Plaintiffs' complaint; (3) opportunity to present additional evidence; and (4) costs, fees, and any further relief the court deems appropriate. Dkt. 1 at 12.

On October 30, 2008, the Defendant filed a motion to dismiss. Dkt. 8. Response and reply were filed by the parties. Dkt. 9, 10. On November 28, 2008, the Plaintiffs filed a surreply. Dkt. 11. On December 1, 2008, this Court converted Defendant's motion to dismiss to a motion for summary judgment under Fed. R. Civ. P. 12(d). Dkt. 13. On December 12, 2008, Plaintiffs filed a cross-motion for summary judgment. Dkt. 14.

A.B. is a 19-year-old boy who has autism. B.B. and V.B. are the parents of A.B. Dkt. 1 at ¶ 1.1, Dkt. 9 at 2. In April 2007, as A.B. was nearing the end of his senior year in high school in the Tacoma School District ("District"), the parents retained attorney Randal Brown to help them obtain transitional services for A.B. pursuant to IDEA. Dkt. 1 ¶ 3.4.

On May 8, 2007, the parents filed a due process complaint with the Washington State Office of Administrative Hearings ("OAH") for the Office of the Superintendent of Public Instruction ("OSPI"). Dkt. 9 at 3. The hearing was scheduled for January 14, 2008. Dkt. 1 at ¶ 3.10, Dkt. 9 at 4. When the complaint was filed, the District agreed not to graduate A.B., or issue him a diploma, in order to comply with the IDEA's "stay put" provision and to preserve A.B.'s eligibility for special education. Dkt. 9 at 3.

The parties sought numerous continuances on the theory that the case would settle. Dkt. 9 at 3. On November 5, 2007, A.B.'s parents discussed possible settlement terms at a meeting with Mr. Brown and counsel for the District, Jeffrey Ganson. *Id*. The next day, Mr. Ganson sent an unsigned settlement offer to Mr. Brown. *Id*. A.B.'s parents rejected the District's settlement offer. *Id*. Mr. Brown later sent to Mr. Ganson a counteroffer containing "minor" changes from the District's offer. *Id*. One change concerned the reevaluation provider, who would be "mutually agreed upon by the parties" instead of chosen solely by the District. Dkt. 9 at 3,4.

The parents allege that as the hearing date approached, Mr. Brown did not contact them regarding the hearing and that Mr. Brown did not submit a witness list or take other steps necessary to go to hearing. Dkt. 9 at 4. On January 10, 2008, the parents allege that they sought alternate counsel, but they did not discharge Mr. Brown. Dkt. 1 at ¶ 3.11.

On January 14, 2008, Mr. Brown gave the parents a revised, unsigned agreement which included the changes requested by the District. Dkt. 1 at ¶ 3.14. This revised settlement agreement was never signed by the parents or the District. Dkt. 1 at ¶ 3.16. On the same day, Mr. Brown moved for dismissal of Plaintiffs' hearing request with prejudice on the basis that the parties would shortly execute a settlement agreement. Dkt. 9 at 4. The parents allege that they never consented to dismissal with prejudice. *Id*.

On February 1, 2008, the motion for dismissal with prejudice was granted. The order stated:

> The Appellants/Parents submitted notice on January 14, 2008, that the parties have successfully resolved their dispute and a hearing is no longer necessary. The Appellants/Parties request that the due process hearing request, filed on May 8, 2007, be dismissed.

Dkt. 1 ¶ 3.22, Dkt. 9 at 5. At the time the order was granted, the parents believed that there was no settlement agreement because the settlement was not signed. Dkt. 1 at 7. Additionally, the parents contend that they never approved or ratified Mr. Brown's allegedly unauthorized request for dismissal with prejudice. *Id*. The complaint alleges that within three weeks of receiving the order of dismissal, the parents retained new counsel, Charlotte Cassady, to assess the repercussions of the dismissal and options for moving forward. *Id*. The Plaintiffs state that they were hampered by a lack of records and that Mr. Brown delayed production of his records to the parents. Dkt. 9 at 5,6.

On July 17, 2008, the parents, with new counsel, filed with OAH a motion to vacate the order of dismissal. Dkt. 9 at 6. The Defendant opposed that motion, arguing that motions to vacate are not allowed under the rules governing an OAH hearing. Dkt. 9 at 7. On July 23, 2008, the OAH administrative law judge denied Plaintiffs' motion to vacate. Dkt. 9 at 7,8. The order concluded, "The motion is not timely, and there appears no justification under CR 60, if applicable, to set the voluntary Dismissal Order aside at this late date." Dkt. 9 at 8. Plaintiffs then filed their Petition with this Court on August 21, 2008.

## **II. DISCUSSION**

Defendant Tacoma School District now moves for summary judgment on the grounds of failure to state a claim upon which relief may be granted. Plaintiffs cross-moved for summary

judgment arguing that the administrative law judge did have power to vacate and the Plaintiffs are entitled to an impartial due process hearing.

**A. SUMMARY JUDGMENT STANDARD**

Summary judgment is proper only if the pleadings, the discovery and disclosure materials on file, and any affidavits show that there is no genuine issue as to any material fact and that the movant is entitled to judgment as a matter of law. Fed. R. Civ. P. 56(c). The moving party is entitled to judgment as a matter of law when the nonmoving party fails to make a sufficient showing on an essential element of a claim in the case on which the nonmoving party has the burden of proof. *Celotex Corp. v. Catrett*, 477 U.S. 317, 323 (1985). There is no genuine issue of fact for trial where the record, taken as a whole, could not lead a rational trier of fact to find for the nonmoving party. *Matsushita Elec. Indus. Co. v. Zenith Radio Corp.*, 475 U.S. 574, 586 (1986)(nonmoving party must present specific, significant probative evidence, not simply "some metaphysical doubt"). *See also* Fed. R. Civ. P. 56(e). Conversely, a genuine dispute over a material fact exists if there is sufficient evidence supporting the claimed factual dispute, requiring a judge or jury to resolve the differing versions of the truth. *Anderson v. Liberty Lobby, Inc.*, 47 U.S. 242, 253 (1986); *T.W. Elec. Serv., Inc. v. Pac. Elec. Contractors Ass'n*, 809 F.2d 626, 630 (9th Cir. 1987).

The determination of the existence of a material fact is often a close question. The Court must consider the substantive evidentiary burden that the nonmoving party must meet at trial - e.g., a preponderance of the evidence in most civil cases. *Anderson*, 477 U.S. at 254; *T.W. Elec. Serv., Inc.* 809 F.2d at 630. The Court must resolve any factual issues of controversy in favor of the nonmoving party only when the facts specifically attested by that party contradict facts specifically attested by the moving party. The nonmoving party may not merely state that it will discredit the moving party's evidence at trial, in the hopes that evidence can be developed at trial to support the claim. *T.W. Elec. Serv., Inc.*, 809 F.2d at 630 (relying on *Anderson, supra*). Conclusory, nonspecific statements in affidavits are not sufficient, and missing facts will not be presumed. *Lujan v. Nat'l Wildlife Fed'n*, 497 U.S. 871, 888-89 (1990).

///

**B. INDIVIDUALS WITHE DISABILITIES EDUCATION ACT ("IDEA")**

The purpose of IDEA is to ensure that all children with disabilities have available to them a free appropriate public education that meets their unique needs and prepares them for further education, employment, and independent living. 20 U.S.C. § 1400(d). To protect that right, IDEA allows the opportunity for any party to present a complaint with respect to any matter relating to the identification, evaluation, or educational placement of the child, or the provision of a free appropriate public education to such child. 20 U.S.C. § 1415(b)(6). Under IDEA, any party aggrieved by the findings and decision made in a due process hearing, or a party who has appealed a due process hearing's findings and decision to a State educational agency, shall have the right to bring a civil action and the action may be brought in any State court of competent jurisdiction or in a district court of the United States, without regard to the amount in controversy. 20 U.S.C. § 1415(i)(2)(A). The party bringing the action has 90 days from the date of the decision of the hearing officer to bring such an action, or it must be brought in such time as the State law allows. 20 U.S.C. § 1415(i)(2)(B). Washington State law states that "[t]he party bringing the action shall have ninety days from the date of the decision of the administrative law judge to file a civil action in federal or state court." WAC 392-172A-05115. Additionally, under Washington State's Administrative Procedures Act, chapter 34.05 RCW, any party may file a petition for reconsideration within ten days of the service of the hearing officer's final order. RCW 34.05.470(1).

The Plaintiffs' due process hearing complaint was dismissed by the hearing officer on February 1, 2008. The Plaintiffs filed their complaint with this Court on August 21, 2008, over six months after the due process hearing complaint was dismissed. The IDEA and the related Washington State law state that an action must be brought within 90 days of the date of the decision of the hearing officer. The Plaintiffs' complaint is clearly past the 90 day limitation period in which to file an action in a district court of the United States. Therefore, the Plaintiffs lost the right to bring a civil action in this Court.

However, in an attempt to resurrect their claim, the Plaintiffs' filed a motion to vacate the order of dismissal with the OAH on July 17, 2008. Defendant argues that the administrative law

judge lost jurisdiction due to the time limitations imposed by the Washington Administrative Procedure Act ("WAPA"). WAPA states that "[w]ithin ten days of the service of a final order, any party may file a petition for reconsideration." RCW 34.05.470. Additionally, the Defendant argues that the administrative law judge did not have the ability to hear the Plaintiffs' motion to vacate, and therefore the motion did not revive the action.

Plaintiffs responds that the motion invoked Superior Court Civil rule 60(b)(11) which establishes the ability of the administrative law judge to vacate an order. Plaintiffs states that WAPA "specifically provides that the administrative court 'shall have the authority to... [r]ule on... motions' in an adjudicative proceeding, such as an IDEA due-process case[,]" under WAC 10-08-200(4). Dkt. 9 at 10. Additionally, the Plaintiffs assert that when the law does not explicitly prohibit entertaining a motion, and does not purport to itemize every power of the judge, the judge has authority to hear the motion, citing *Hall v. Seattle School District*, 66 Wn.App. 308, 314-15 (1992).

Defendant replies that no authority extends beyond the issuance of a final order at the close of the hearing. Defendant asserts that upon a full reading of WAC 10-08-200(4), the authority to "rule on procedural matters, objections, and motions" relates only to the prehearing and hearing process, not post-decision matters. Defendant also argues that Plaintiffs' attempt to analogize the administrative hearing officer to a judge, with broad based inherent authority ignores the limited legal authority possessed by administrative agencies such as OAH and OSPI.

The Court is not persuaded by the Plaintiffs' argument. "The powers of an administrative agency are derived from statutory authority expressly granted or necessarily implied." *State ex rel. Evergreen Freedom Foundation v. Wash. Educ. Assoc.*, 140 Wn.2d 615, 634 (2000). Administrative agencies do not possess "inherent authority." *Assoc. of Wash. Business v. Dep't of Revenue*, 155 Wn.2d 430, 445 (2005). "[W]here implied authority to grant or impose a particular remedy is not clearly set forth in the statutory language or its broad implication, the courts of this state have been reluctant to find such authority on the part of an agency." *Skagit Surveyors and Engineers v. Friends of Skagit County*, 135 Wn.2d 542, 558 (1998). This Court researched the question of the ability of the administrative court in this case to hear a motion to

vacate and was not able to find express authority granting an administrative court the power to hear a motion to vacate. Additionally, this Court has not found any implied authority granting the power to hear a motion to vacate. Upon the full reading of WAC 10-08-200(4), the Court is persuaded by Defendant's argument that "rule on procedural matters, objections, and motions" relates only to the prehearing and hearing process. Finally, the Court is persuaded by the Defendant's argument that the only authority granting an administrative law judge to consider a motion to vacate is through RCW 34.05.470, which states a party must file a motion for reconsideration within ten days of service of the final order.

It is clear that the Plaintiffs did not file a petition for reconsideration within the ten day limitation period, and therefore the administrative law judge lost jurisdiction. Furthermore, since the administrative law judge did not have the authority to hear the Plaintiffs' motion to vacate, the action was not revived. In any event, assuming that the administrative law judge had authority to act, the motion to vacate was denied, so the original order of dismissal was left intact. To rule otherwise would be to allow any party to indefinitely delay the limitations periods by filing a motion, or motions, to vacate. That does not appear to be within the intent of either federal or state law and regulations.

Therefore, since the action was not revived, the action filed in this Court is not timely because the complaint filed in this Court was more than 90 days after the February 1, 2008 dismissal by the hearing officer.

The Plaintiffs also argue that they were not afforded an opportunity for an impartial due process hearing because the dismissal of their complaint was without their authority and that Mr. Brown did not represent them. However, the administrative court, without knowledge of Mr. Brown's lack of authority, had the right to rely on the representation of Mr. Brown. "[O]nce a party has designated an attorney to represent him in regard to a particular matter, the court and the other parties to an action are entitled to rely upon that authority until the client's decision to terminate it has been brought to their attention." *Haller v. Wallis*, 89 Wn.2d 539, 547 (1978). Even if the Plaintiffs' allegation that on January 10, 2008 they sought alternate counsel were true, the administrative court did not know of that fact, and therefore acted properly in dismissing the

ORDER
Page - 7

Plaintiffs' complaint. Additionally, the Plaintiffs knew of the dismissal of their complaint but did not bring Mr. Brown's lack of authority to the attention of the administrative court within the ten day or the 90 day limitation period. The Plaintiffs had an opportunity to bring notice to the administrative court; they had an opportunity to file a motion for reconsideration ten days after the decision; and they had an opportunity to timely file an appeal, and therefore the Plaintiffs' argument fails.

This Court has no reason to, and does not herein address questions of Mr. Brown's possible negligence and possible liability to Plaintiffs.

Finally, the Plaintiffs, within their response to Defendant's motion to dismiss, moved to strike the Declaration of Jeffery Ganson. Dkt. 9 at 24. The Plaintiffs objected to Mr. Ganson indicating a typo in an email exchange with counsel for the parents because it was not in support of the Defendant's motion to dismiss as required by CR 7(b)(1). *Id*. Mr. Ganson's declaration may be seen as supporting Defendant's pleadings because it clarifies the record. Therefore, the Plaintiffs' motion to strike should be denied.

For the foregoing reasons, Defendant's motion for summary judgment should be granted and the Plaintiffs' cross-motion for summary judgment should be denied.

Therefore, it is hereby **ORDERED** that

(1) the Defendant's motion for summary judgment (Dkt. 8, 13) is GRANTED;

(2) the Plaintiffs' cross-motion for summary judgment (Dkt. 15) is DENIED;

(3) the Plaintiffs' motion to strike (Dkt. 9) is DENIED; and

(4) this case is DISMISSED.

The Clerk is directed to send uncertified copies of this Order to all counsel of record and to any party appearing *pro se* at said party's last known address.

DATED this 22nd day of January, 2009.

ROBERT J. BRYAN
United States District Judge